**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jose Manuel Lopez Vega**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Excalibur of Avondale, LLC**, an Arizona limited liability company; and **Matthew Hodge and Jane Doe Hodge**, a married couple, | |
| Defendants. | |

Plaintiff, Jose Manuel Lopez Vega ("Plaintiff" or "Jose Manuel Lopez Vega"),

sues the Defendants, Excalibur of Avondale, LLC, and Matthew Hodge and Jane Doe

Hodge, ("Defendants" or "Excalibur of Avondale Collision") and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for unpaid minimum and overtime wages, liquidated

damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum

-1-

Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.    Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.    This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.    The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.    The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

-2-

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.     At all material times, Defendant Excalibur of Avondale, LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Excalibur of Avondale, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.     At all relevant times, Defendant Excalibur of Avondale, LLC owned and operated as "Excalibur of Avondale Collision," a construction and carpentry company doing business in Maricopa County, Arizona.

14.     Under the FLSA, Defendant Excalibur of Avondale, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times Defendant Excalibur of Avondale, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Excalibur of Avondale Collision's employees, Defendant Excalibur of Avondale, LLC is subject to liability under the FLSA.

15.     Defendants Matthew Hodge and Jane Doe Hodge are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Matthew Hodge and Jane Doe Hodge are owners of Excalibur of Avondale Collision and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16.     Under the FLSA, Defendants Matthew Hodge and Jane Doe Hodge are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Matthew Hodge and Jane Doe Hodge had the authority to hire and fire

-4-

employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to Excalibur of Avondale Collision's employees, Defendants Matthew Hodge and Jane Doe Hodge are subject to individual liability under the FLSA.

17.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

18.     Defendants, and each of them, are sued in both their individual and corporate capacities.

19.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

22.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

24. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

25. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

26. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

27. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

28. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

29. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

30. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

33.    Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

34.    Defendants own and/or operate as Excalibur of Avondale Collision, an automobile collision repair and mechanic shop doing business in Maricopa County, Arizona.

35.    In or around November 2021, Plaintiff began working for Defendants, performing non-exempt work related to vehicle damage repair and mechanic work.

36.    At all relevant times, in his work for Defendants, Plaintiff was compensated, or supposed to be compensated, at assigned flat rates based on various factors, including the type of work performed and the estimated number of hours it would take to complete the work assigned.

37.    Specifically, Plaintiff was paid a rate of $28 per estimated hour it would take to complete a given repair job involving vehicle damage repair.  Such rate would be multiplied by the number of estimated hours to complete the job to determine the flat rate Plaintiff would be paid for the work performed.

38.    Specifically, Plaintiff was paid a rate of $38 per estimated hour it would take to complete a given repair job involving mechanic work.  Such rate would be multiplied by the number of estimated hours to complete the job to determine the flat rate Plaintiff would be paid for the work performed.

39.    At all relevant times, Plaintiff was in this manner, regardless of the number of hours Plaintiff actually worked.

-7-

40. Plaintiff, in his work for Defendants, was compensated, or supposed to be compensated, in this manner, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

41. In or around February 2022, Defendants terminated Plaintiff from his job with them.

42. In or around June 2023, Defendants rehired Plaintiff, and Plaintiff again worked for Defendants through approximately May 2024, when Defendants again terminated Plaintiff's employment with them.

43. Again, in or around the second week of December 2024, Defendants again rehired Plaintiff, and Plaintiff against worked for Defendants for approximately three weeks, through approximately January 2, 2025, at which time Plaintiff left his employment.

44. At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

45. Plaintiff worked for Defendants through approximately January 2, 2025, when he informed his manager, Chad Fears, that he would no longer be working for Defendants.

46. During Plaintiff's employment with Defendants, Plaintiff generally worked approximately between 45 and 50 hours per workweek.

47. At all relevant times, Plaintiff was paid, or supposed to be paid, weekly on Wednesdays via direct deposit.

48. In each of the first and second workweeks of his final three workweeks of employment with Defendants, Plaintiff worked approximately between 45 and 50 hours.

49. In the third workweek of his final three workweeks of employment with Defendants, Plaintiff worked approximately between 16 and 20 hours.

50. Defendants did not compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants.

51. In addition, Defendants did not compensate wages due and owing to Plaintiff for work performed in the first and second workweeks of his final three workweeks of employment with Defendants.

52. After Plaintiff's employment ended, he contacted his direct supervisor, Chad Fears, via text message to inquire as to whether he would be paid his final wages by check or by direct deposit.

53. In response, Chad Fears stated that a check was waiting for him in the office.

54. However, when Plaintiff inquired as to that check, he discovered that it was for only $95.75.

55. After discovering the amount of his final paycheck, Plaintiff sent a summary of the final wages he was owed to his manager, Chad Fears.

56. Indeed, Plaintiff was owed approximately 47 hours at the collision repair rate and approximately 6 hours at the mechanic rate.

57. However, to date, Defendants still have paid none of the wages due and owing to Plaintiff for such time worked.

58. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for such hours worked.

59. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

60. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

61. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

62. Plaintiff often worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

63. At all relevant times, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time spent working in excess of 40 hours in a given workweek.

64. During the time that Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a).

65. At all relevant times, Plaintiff worked approximately between five (5) and ten (10) hours of overtime per week.

66. To date, Defendants still have paid none of the overtime wages due and owing to Plaintiff for such hours worked.

67. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

68. Throughout the duration of Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

69. Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

70. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

71. Plaintiff is a covered employee within the meaning of the FLSA.

72. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

73. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

74. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

75.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

76.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.    Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

78.    In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a given workweek.

79.    As a result of Defendants' failure to pay Plaintiff one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

80.    As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

81.    As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

82.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

83.    Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Jose Manuel Lopez Vega, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

-13-

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

84.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

85.    As a result of failing to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

86.    As a result of Defendants' failure to pay Plaintiff any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of 29 U.S.C. § 206.

87.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jose Manuel Lopez Vega, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

-14-

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

88.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.    As a result of failing to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

90.    As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for such hours worked, in violation of A.R.S. § 23-363.

91.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jose Manuel Lopez Vega, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

-15-

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, ARS § 23-363, by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT EXCALIBUR OF AVONDALE, LLC, ONLY**

92.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93.    As a result of the allegations contained herein, Defendant Excalibur of Avondale, LLC did not compensate Plaintiff wages due and owing to him.

94.    Defendant Excalibur of Avondale, LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

95.    Defendant Excalibur of Avondale, LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

-16-

96.     Defendant Excalibur of Avondale, LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

97.     Specifically, Defendants became angry when Plaintiff informed them he would no longer be working there.  In a display of bad faith, on the day Plaintiff left his employment, Defendants threatened to dump all of his belongings on the street if he did not pick them up within a certain time that day.

98.     In addition, in a further display of bad faith, Defendants reduced Plaintiff's final pay to $95.75 rather than the wages he had earned in the prior three weeks of his employment.

99.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendant Excalibur of Avondale, LLC.

100.    Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and the costs incurred.

**WHEREFORE**, Plaintiff, Jose Manuel Lopez Vega, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Excalibur of Avondale, LLC:

A.     For the Court to declare and find that Defendant Excalibur of Avondale, LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.     For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

-17-

C.   For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.   For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.   Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 28th day of January, 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## VERIFICATION

Plaintiff, Jose Manuel Lopez Vega, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Jose Manuel Lopez Vega (Jan 28, 2025 08:12 MST)
Jose Manuel Lopez Vega